IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Fred R. Frigo, | : |
| Plaintiff | : Case No. 2:05-cv-167 |
| v. | : Judge Sargus |
| Franklin County, Ohio, *et al.*, | : Magistrate Judge Abel |
| Defendants | : |

**Order**

This matter is before the Court on defendants Franklin County, Ohio, John O'Grady, Clerk of Courts, and Becky Collier's April 11, 2005 unopposed motion to dismiss (doc. 7).

Plaintiff Fred. R. Frigo filed this action against defendants alleging violations of the First, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. The complaint alleges that defendants improperly time-stamped his complaint filed in Common Pleas Court of Franklin County, which resulted in the dismissal of his libel action on the grounds that it was untimely filed.

Defendants argue that plaintiff cannot maintain this action against them in either their individual or official capacities because he fails to state a claim upon which relief can be granted. Defendants contend that plaintiff has not alleged any action that constitutes a "moving force" or a policy or custom of the governmental entity. Instead, defendants maintain that plaintiff has simply alleged that they acted negligently, and negligence will not ground a § 1983 action.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal

Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir. 2000); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).

The court will grant a defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970). It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted. *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

It is not clear whether plaintiff intended to sue defendants in their individual or official capacities. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166

(1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.5 (1978)). A suit against defendants in their official capacity is treated as a suit against the entity as long as the government entity receives notice and an opportunity to respond. *Id.* In an official-capacity action a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation or the entity's "policy or custom" played a part in the violation of federal law. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Here defendant has not shown that the Franklin County Clerk of Courts was either the moving force behind the alleged constitutional deprivation or that its policy or custom played a part. Consequently, plaintiff has not stated a claim upon which relief can be granted with respect to an official capacity suit.

With respect to any claim against defendants in their individual capacity, plaintiff has failed to state a claim upon which relief can be grounded. At most, plaintiff has alleged negligence on the part of the defendants. The due process clause is not implicated by a state official's negligent act. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

For the reasons stated above, defendants Franklin County, Ohio, John O'Grady, Clerk of Courts, and Becky Collier's April 11, 2005 unopposed motion to dismiss (doc. 7) is GRANTED. The Clerk of Court is DIRECTED to enter JUDGMENT for defendants. This action is hereby DISMISSED.

6-6-2005
Edmund A. Sargus, Jr.
United States District Judge